

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-23-00153-CR

---

LAMISA LASHUN ALLISON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2015-C-0285

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Lamisa Lashun Allison pled guilty to aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03(a)(2). Pursuant to a plea agreement, the trial court placed Allison on deferred adjudication community supervision for five years. The State moved to revoke Allison's community supervision and proceed with the adjudication of his guilt, alleging that he violated the terms and conditions of his community supervision by failing to report to the community supervision department as ordered on multiple occasions. After Allison pled true to violating the terms of his community supervision, the trial court granted the State's motion and sentenced Allison to five years' imprisonment. Allison appeals.

Allison's attorney filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 19, 2024, counsel mailed to Allison copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Allison's signature. Allison was informed of his rights to review the record and file a pro se response. By letter dated

2

April 2, we informed Allison that we had granted his motion for pro se access to the appellate record and notified him that his pro se response was due on or before April 29. On May 7, this Court further informed Allison that the case would be set for submission on the briefs on May 28. We received neither a pro se response from Allison nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error is found in the trial court's judgment.

The terms of Allison's initial plea bargain stated that Allison would be placed on deferred adjudication community supervision for five years. Even so, under the heading "Terms of Plea Bargain," the judgment adjudicating Allison's guilt mistakenly states "Five (5) years incarceration Texas Department of Criminal Justice – Institutional Division" instead of the bargained-for term of five years' deferred adjudication community supervision. In *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is nonreversible error." *Sharpe v. State*, 607 S.W.3d 446, 448 (Tex. App.—Texarkana 2020, no pet.) (quoting *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck), *overruled on other grounds by Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd)).

Accordingly, we modify the trial court's judgment to reflect that the terms of Allison's plea bargain was "(5) Five Years of Deferred Adjudication Community Supervision" instead of five years' imprisonment. As modified, we affirm the trial court's judgment.[1]


Charles van Cleef
Justice

Date Submitted:      May 28, 2024
Date Decided:        May 29, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.